UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2026 AUG 27 P 3:28
U.S. DISTRICT COURT
DISTRICT OF MASS.

Camron Johnson,

Plaintiff,

Civil Action No.

**JURY TRIAL DEMANDED**

v.

Equifax Information Services LLC,

Defendant.

## COMPLAINT

1. This is an action for actual damages, statutory damages, punitive damages, and injunctive relief brought by Plaintiff Camron Johnson against Defendant Equifax Information Services, LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

2. On or about June 29, 2026, Plaintiff requested and received a copy of his consumer credit file disclosure from Equifax, identified by Equifax's own confirmation number 6180588715 (the "Disclosure").

3. The Disclosure omits, for three of Plaintiff's eight reported tradelines, payment activity that Equifax's own account-summary data confirms it received and processed; it omits, for two

of Plaintiff's three collection tradelines, any identification of the original creditor; and it omits full account numbers throughout.

4. Plaintiff brings this action because the information withheld goes to what 15 U.S.C. § 1681g(a)(1) requires Equifax to disclose: what Plaintiff actually owes, to whom, and on what payment record, so that he can verify his own file and exercise his statutory right to dispute what is inaccurate.

5. Plaintiff seeks a judgment declaring Equifax's conduct unlawful and awarding damages and such other relief as the Court deems just and proper.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, as this action arises under the laws of the United States.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action, including Plaintiff's request for and receipt of the Disclosure, occurred in this District, and under 28 U.S.C. § 1391(c)(2) because Defendant is subject to personal jurisdiction in this District.

## PARTIES

8. Plaintiff Camron Johnson is a natural person residing in Roxbury, Suffolk County, Massachusetts, within this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Defendant Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company with its principal place of business at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

11. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), in that, for monetary fees, it regularly engages in the practice of assembling or evaluating consumer credit information for the purpose of furnishing consumer reports to third parties, and uses means or facilities of interstate commerce, including the mail and internet, for that purpose.

## FACTUAL ALLEGATIONS

### A. The Disclosure

12. On or about June 29, 2026, Plaintiff requested his consumer file disclosure from Equifax.

13. Pursuant to 15 U.S.C. § 1681g(a)(1), upon that request Equifax was required to clearly and accurately disclose to Plaintiff all information in his file at the time of the request.

14. Equifax provided the Disclosure, bearing confirmation number 6180588715, listing eight credit accounts, zero public records, and two categories of inquiry. A true and accurate copy of the Disclosure is attached as Exhibit A and incorporated herein by reference.

15. The Disclosure reports zero hard inquiries. Both inquiry entries shown, a soft inquiry by Equifax itself and seven soft inquiries by Progressive Insurance, are expressly labeled "Soft."

### B. Equifax's Possession of the Omitted Information

16. "File," when used in connection with information on a consumer, "means all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g).

17. The term "consumer file" is not synonymous with "consumer report," a term separately defined at 15 U.S.C. § 1681a(d) to mean a communication of information bearing on a consumer's creditworthiness used or expected to be used for eligibility determinations. To conflate the two terms would render them redundant. Nunnally v. Equifax Info. Servs., LLC, 451 F.3d 768, 773 (11th Cir. 2006).

18. Section 1681g(a)(1) imposes a duty on Equifax to disclose all information in Plaintiff's file upon request. That duty is distinct from, and does not require Plaintiff to plead, an inaccuracy under 15 U.S.C. § 1681e(b) or § 1681i. Blevins v. Equifax Info. Servs. LLC, No. 25-cv-23481-BB (S.D. Fla. Dec. 29, 2025) (order denying motion for judgment on the pleadings); accord Stafford v. Trans Union, LLC & Equifax Info. Servs., LLC, No. 4:25-CV-00921-JDK-JDL (E.D. Tex. Nov. 17, 2025) (report and recommendation of United States Magistrate Judge, recommending denial of Equifax's Rule 12(b)(6) motion on materially similar allegations).

19. The information described in Paragraphs 21 through 31 below was furnished to Equifax by Plaintiff's creditors and, on information and belief, appears in the consumer reports Equifax sells to third parties. It is not internal record-keeping data of the kind held outside the scope of "file" in Gillespie v. Trans Union Corp., 482 F.3d 907, 910 (7th Cir. 2007). See Cortez v. Trans Union, LLC, 617 F.3d 688, 712 (3d Cir. 2010) (data furnished by a third party and reflected in consumer reports is part of the consumer's "file").

20. Whether the omissions described below reflect furnisher non-reporting or Equifax's own maintenance and withholding of data already in its possession is a question ascertainable only from Equifax's own systems, and Plaintiff will seek that information in discovery.

**C. Account-by-Account Deficiencies**

**Apple Card / GS Bank USA (Account No. *1418)**

21. Equifax's Disclosure states, for this account: "Date of Last Activity: 05/31/2026"; "Date of Last Payment: 05/01/2026"; "Actual Payment Amount: $95."

22. The same account's 24-Month History table, also part of the Disclosure, shows its most recent entry as "04/26," reporting a "Last Payment Date" of "03/31/2026." No entry for "05/26" appears anywhere in the table.

23. The May 2026 payment that Equifax's own account-summary data confirms occurred is not reflected in Equifax's own itemized monthly history for the same account, within the same Disclosure.

**ChimeFin/Stride Bank (Account No. *4512)**

24. Equifax's Disclosure states, for this account: "Date of Last Activity: 05/03/2026"; "Date of Last Payment: 05/02/2026"; "Actual Payment Amount: $1,918."

25. The same account's 24-Month History table shows its most recent entry as "04/26," reporting a "Last Payment Date" of "04/01/2026" and an "Actual Payment Amount" of "$4,003." Neither the date nor the dollar figure Equifax's account summary attributes to this account for May 2026 appears anywhere among the 24 rows of that table.

26. The same table omits an entry for "07/25" entirely, its rows running from "08/25" to "06/25" with no intervening entry, notwithstanding that the account reports on a monthly basis and every other month within the 24-month window is represented.

**Atlas (Account No. *HPA2)**

27. Equifax's Disclosure states, for this account: "Date of Last Activity: 05/13/2026"; "Date of Last Payment: 04/17/2026"; "Actual Payment Amount: $52."

28. The same account's 24-Month History table shows its most recent entry as "04/26," reporting a "Last Payment Date" of "03/23/2026" and an "Actual Payment Amount" of "$68." Neither the date nor the dollar figure Equifax's account summary attributes to this account appears anywhere in that table.

**Midland Credit Management (Account No. *9672) and Portfolio Recovery Assoc (Account No. *2554)**

29. Both accounts are reported as "Debt Buyer Account[s]." Neither account's entry in the Disclosure identifies an original creditor anywhere on the document.

30. On information and belief, the original-creditor data omitted from both accounts was furnished to Equifax by the respective data furnisher in the K1 segment of its Metro 2 reporting, which industry standards require be present each time a debt-buyer or collection account is reported. Plaintiff cites these industry reporting standards solely as factual support for the allegation, on information and belief, that the furnishers reported this data to Equifax, not as an independent basis for liability.

**All Accounts**

31. Equifax's Disclosure displays only a partial account number for each of Plaintiff's eight tradelines, disclosing no more than the last four characters of any account number.

32. Nothing elsewhere in the Disclosure, viewed in its entirety, supplies the information identified in Paragraphs 21 through 31 above or cures the deficiencies identified therein. The omitted data appears nowhere else in the document.

**D. Aggregate Pattern**

33. The defect described in Paragraphs 21 through 28 above, an account summary reporting more recent, dated, dollar-specific payment activity than appears anywhere in that same account's itemized monthly history, recurs identically across three tradelines furnished by three unrelated creditors: Goldman Sachs Bank USA (Apple Card), Stride Bank (ChimeFin), and Atlas.

34. By contrast, Plaintiff's remaining active tradelines, Discover Card and both Capital One accounts, show account-summary payment dates that match their own 24-Month History tables exactly.

35. The recurrence of an identical defect across three unrelated furnishers, and its absence from three other tradelines within the same Disclosure, is consistent with a systemic function of Equifax's own disclosure-generation process, specifically an itemized-history component populated from an earlier data cutoff than the account-summary component of the same document, rather than three independent and unrelated furnisher errors.

**E. Willfulness**

36. A person willfully violates the FCRA where that person "knowingly and intentionally committed an act in conscious disregard for the rights of others," or where the person's reading of an ambiguous statutory provision, tested against authoritative guidance squarely

addressing that reading, was objectively unreasonable. Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 69-70 (2007).

37. Since June 30, 2000, the Federal Trade Commission has advised, in an opinion never withdrawn, that a consumer reporting agency that scrambles or truncates account numbers does not technically comply with Section 609 of the FCRA (15 U.S.C. § 1681g) because it does not provide accurate disclosure of all information in the file. FTC Advisory Opinion to Darcy (June 30, 2000).

38. From January 23, 2024 through May 12, 2025, the Consumer Financial Protection Bureau maintained an advisory opinion addressing this same disclosure obligation directly, stating that § 1681g(a)(1) requires a consumer reporting agency to disclose all information in a consumer's file, including furnished tradeline data, in a form the consumer can understand and use. CFPB, Fair Credit Reporting; File Disclosure, 89 Fed. Reg. 4167 (Jan. 23, 2024). Plaintiff pleads this guidance as notice in effect during that window. It was withdrawn on procedural grounds effective May 12, 2025 along with dozens of other advisory opinions, and Plaintiff does not allege it as currently operative guidance.

39. Equifax has generated consumer disclosures through substantially the same automated process since before January 2024 and continues to do so. The pattern described in Paragraphs 33 through 35 above, identical across three unrelated furnishers within a single Disclosure issued in June 2026, reflects the continuation of that process, uncorrected, more than two years after the FTC guidance described above and more than a year after the CFPB guidance described above lapsed.

40. Equifax's conduct described above was willful within the meaning of 15 U.S.C. § 1681n.

**F. Informational Injury and Damages**

41. Plaintiff has been deprived of information he is statutorily entitled to receive: whether and when he made a payment Equifax's own records show occurred in May 2026 on three accounts, and who originally extended the credit now reported against him in collections on two others.

42. This deprivation is a concrete injury of the kind the disclosure requirements of the FCRA are designed to prevent, protecting consumers' interests in learning of any inaccuracies in their credit files so that they can promptly correct the files before they are disseminated to third parties. TransUnion LLC v. Ramirez, 594 U.S. 413, 440 (2021); see also Tailford v. Experian Info. Sols., Inc., 26 F.4th 1092, 1099-1100 (9th Cir. 2022) (incomplete disclosure causing confusion and an investigative burden is a concrete injury); Kelly v. RealPage, Inc., 47 F.4th 202, 219-21 (3d Cir. 2022) (omission of entitled information, adverse effects, and a nexus to the FCRA's disclosure purpose confer standing).

43. Plaintiff has been unable to verify, from the Disclosure alone, his own recent payment history or the origin of the debts reported against him, and has expended time reviewing and cross-referencing the Disclosure and preparing this action.

44. Plaintiff's inability to verify this information has caused him frustration and concern.

**COUNT I**

**Willful Violation of 15 U.S.C. § 1681g(a)(1) (15 U.S.C. § 1681n)**

45. Plaintiff realleges and incorporates Paragraphs 1 through 44 above as if fully set forth herein.

46. Equifax violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose to Plaintiff all information in his file at the time of his request, as described above.

47. Equifax's violation was willful within the meaning of 15 U.S.C. § 1681n.

48. As a result, Equifax is liable to Plaintiff for statutory damages of not less than $100 and not more than $1,000 per violation, or Plaintiff's actual damages, whichever is greater, 15 U.S.C. § 1681n(a)(1)(A); punitive damages, 15 U.S.C. § 1681n(a)(2); and costs, 15 U.S.C. § 1681n(a)(3).

## COUNT II

**Negligent Violation of 15 U.S.C. § 1681g(a)(1), Pled in the Alternative (15 U.S.C. § 1681o)**

49. Plaintiff realleges and incorporates Paragraphs 1 through 44 above as if fully set forth herein.

50. In the alternative to Count I, Equifax violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose to Plaintiff all information in his file at the time of his request, as described above.

51. Equifax's violation was, at minimum, negligent within the meaning of 15 U.S.C. § 1681o.

52. As a result, Equifax is liable to Plaintiff for his actual damages, 15 U.S.C. § 1681o(a)(1), and costs, 15 U.S.C. § 1681o(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and award:

a. Statutory damages under 15 U.S.C. § 1681n(a)(1)(A), or Plaintiff's actual damages if greater;

b. In the alternative, actual damages under 15 U.S.C. § 1681o(a)(1);

c. Punitive damages under 15 U.S.C. § 1681n(a)(2);

d. Costs under 15 U.S.C. § 1681n(a)(3) or § 1681o(a)(2);

e. An order directing Equifax to provide Plaintiff a complete and corrected file disclosure;

f. A reservation of Plaintiff's rights under 15 U.S.C. § 1681i as to any dispute he may hereafter submit to Equifax regarding the accounts described herein; and

g. Such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all issues so triable.

**EXHIBIT LIST**

Exhibit A – Plaintiff's Equifax Consumer Disclosure, dated June 29, 2026, Confirmation No. 6180588715 (attached).

Exhibit B – FTC Advisory Opinion to Darcy (June 30, 2000) (to be obtained and attached before filing).

Exhibit C – CFPB, Fair Credit Reporting; File Disclosure, 89 Fed. Reg. 4167 (Jan. 23, 2024) (to be obtained and attached before filing; note withdrawn effective May 12, 2025 and pled as historical notice only).

Exhibit D – Itemized Field-Inventory Table (provided as a separate document).

Respectfully submitted,

______________________________

Camron Johnson, Pro Se

24 Kensington Park

Roxbury, MA 02119

Dated: August 26, 2026